In the Matter of RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Respondent. CITIZENS CASUALTY COMPANY OF NEW YORK, Appellant; COORDINATED COVERAGE CORP. et al., Intervenors-Appellants.

First Department, July 2, 1968.

*Orrin G. Judd* of counsel (*Goldstein, Judd & Gurfein* and *Biaggi, Ehrlich & Lang,* attorneys), for appellant.

*Mark T. Walsh* of counsel (*Samuel A. Hirshowitz* and *Philip Weinberg* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

*Henry H. Abrams* of counsel (*Aaron Greengold, Ralph A. Cascella* and *Alan Jay Martin* with him on the brief; *Greengold & Eckman* and *Henry H. Abrams,* attorneys), for intervenors-appellants.

*Per Curiam.* This appeal is from an order entered May 20, 1968 which directed petitioner to take possession of the property and business of respondent-appellant Citizens Casualty

Company (Citizens) for the purpose of rehabilitation. The report of the examiners from the Department of Insurance indicated that Citizens was insolvent based on the inadequacy of its loss reserves. As a result of certain information which came to his attention petitioner had directed an intensive examination of the adequacy of the loss and loss expense reserves of Citizens.

Section 93 of the Insurance Law empowers the Superintendent of Insurance (Superintendent) to proceed against an insurer under the provisions of article 16 of such law when the insurer is deemed insolvent. That is, he may do so when the Superintendent finds either from a financial statement made by the insurer, or from a report or examination of such insurer, " that such insurer is unable to pay its outstanding lawful obligations as they mature in the regular course of business, as may be shown either by an excess of its required reserves and other liabilities over its admitted assets, or by its not having sufficient assets to reinsure all its outstanding risks with other solvent authorized assuming insurers after paying all accrued claims owed by it " (Insurance Law, § 93).

If the report of an examination of an insurer leads the Superintendent to find that " its admitted assets are less than the aggregate amount of its liabilities and outstanding capital stock, he shall determine the amount of such impairment of capital " (Insurance Law, § 94) and direct the elimination of such impairment within a period not to exceed 90 days. If the amount of the impairment reduces the minimum statutory required capital the Superintendent is authorized to proceed against the insurer under article 16 " on the ground that its condition is such that its further transaction of business will be hazardous to its policyholders or its creditors or the public " (§ 94). Admitted assets to determine the financial condition of an insurer are enumerated in section 70 of the Insurance Law, and section 72 sets forth the reserves which every insurer is required to maintain and how such reserves are estimated. Section 326 deals particularly with loss and expense reserves of casualty insurance companies and how they are to be evaluated. In short, the entire procedure with respect to determining the solvency of an insurance company is laid out in the statute (see, also, Insurance Law, §§ 20, 28, 29, 30). Dependent upon certain preliminary findings the Superintendent may move to rehabilitate a particular company.

In the case before us, the Superintendent caused an examination to be made of Citizens, especially with respect to the adequacy of its loss and loss expense reserves. On the basis of

the report and examination into Citizens' financial condition, the Superintendent applied for an order pursuant to article 16 of the Insurance Law directing him to rehabilitate Citizens, asserting that Citizens was then insolvent within the meaning of section 93; that further transaction of business by it would be hazardous to its policyholders, or its creditors or the public, and that it had failed to make good an impairment of its capital (Insurance Law, § 511 [a], [c], [e]). The report of the examination, designated Exhibit A, was attached to the moving papers. A temporary restraining order was issued and the matter set down for a hearing.

Section 526 of the Insurance Law, entitled " Commencement of a proceeding " provides: " The superintendent, the attorney-general representing him, shall commence any proceeding under this article by an application to the supreme court, or to any justice thereof, in the judicial district in which the principal office of the insurer involved is located, for an order directing such insurer to show cause why the superintendent should not have the relief prayed for. On the return of such order to show cause, *and after a full hearing,* which shall be held by the court or justice without delay, such court or justice shall either deny the application or grant the same together with such other relief as the nature of the case and the interests of policyholders, creditors, stockholders, members, or the public may require." (Emphasis supplied.)

The record indicates that the Superintendent acted within his powers in directing the examination into the financial condition of Citizens (Insurance Law, §§ 28, 29). Indeed, there seems to be no dispute on that point. Citizens' most basic contention is that it was deprived of the *full hearing* which the statute mandates. Thus Citizens contends it was denied the opportunity to controvert and negate the premises upon which the proceeding was sustained and the order issued which is now on appeal.

Certainly the burden was upon the Superintendent to sustain the grounds upon which he moved for an order of rehabilitation. If Citizens could show that the material upon which the Superintendent based its determination had no basis in fact it should have been permitted to do so. The issues before the court were whether Citizens was insolvent within the statutory meaning, whether there was an impairment of capital which it failed to make good, and whether its continued transaction of business would be hazardous to its policyholders, its creditors or the public.

The record before us reveals that Citizens was given a copy of the report of the examination and practically afforded discovery of the records of the Superintendent with reference to the financial condition of Citizens. At the hearing Citizens was permitted virtually unrestricted cross-examination of the witnesses offered by the petitioner, in some instances such examination exceeding the limit ordinarily imposed by direct examination. That alone might not meet the mandate of a full hearing. Citizens' offer of proof, which was rejected, contained some 18 or 19 items. Examination and analysis of such items is persuasive that neither singly nor considered in their totality would the offer of proof demonstrate solvency or prove that Citizens was not insolvent within the meaning of the statute. That Citizens might differ with the evaluation of certain assets, the method of evaluation of others, or the omission of a potential asset, i.e., a possible claim against Citizens' landlord, would not prove that the Superintendent's determination of insolvency warranting rehabilitation was unsupported, nor that the court's conclusion was error, even if the exact nature of the proceeding might not have been adequately understood by Special Term.

If it appeared from this record that Citizens was precluded or limited improperly in the presentation of proof which would disprove or tend to disprove in substantial measure the elements essential to the determination here made, we would necessarily conclude that it was denied a full hearing. The fact that the record does not contain the lines of demarcation customarily designated plaintiff's (or petitioner's) case and defendant's (or respondent's) case is not conclusive on the issue of a full hearing. Standards adopted for convenience are not alone necessarily determinative. It is concluded on the record and the facts of this case that Citizens was not denied a full hearing.

Rehabilitation is not confiscation and may be terminated at any time upon application by any person, on due notice to the Superintendent, when the facts so warrant (Insurance Law, § 512).

The argument advanced by the intervenors-appellants is without merit and the appeal with respect to the intervenors-appellants should also be affirmed.

The order appealed from should be affirmed, without costs.

CAPOZZOLI, J. (dissenting). This is an appeal from an order directing the Superintendent of Insurance to take possession of Citizens Casualty Company of New York for purposes of rehabilitation. The company was granted no departmental hearing on the report of the Insurance Department Examiner which

asserted that the company was insolvent because of inadequacy of loss reserves.

The court below heard the petitioner's testimony in support of its contention, but refused to allow respondent, Citizens Casualty, to offer testimony by way of contradicting the claims of the petitioner, although the court did permit respondent to make an offer of proof, which was ruled to be irrelevant to the issues before the court.

It appears that the court below was led to its conclusion as a result of a misunderstanding as to the power of the court in a situation of this kind. The court was not dealing with a case involving a review of an administrative decision. The Superintendent did not act as the result of any hearing given to the respondent, because no hearing was ever held on the merits in the Insurance Department. The first attempt to enforce the conclusions contained in the report of the Examiner was made when a proceeding was initiated, at Special Term, pursuant to article 16 of the Insurance Law, more particularly section 526. The latter sets forth the procedure to be followed in matters of this kind and provides for an order to show cause as to why the Superintendent should not have the relief prayed for, which must be served on the insurer. The section then goes on to state "on the return of such order to show cause, and after a *full hearing,* which shall be held by the court or justice without delay" the court shall either deny or grant the application. (Emphasis supplied.) At page 9 of the stenographic minutes the court below said:

"Let me make it perfectly clear what my views are here. It is my view the Superintendent of Insurance is a policeman to police the field of insurance and the Legislature has seen fit to give him certain powers of a summary nature incident to the functions of a policeman * * *. This court will not inquire behind any examinations or reports or examinations by the Superintendent, except insofar as it may be necessary to satisfy the court that he has made such an examination.

" * * * I will not entertain any hearing on the factual validity of his findings or the factual basis upon which he has made it."

Again, at page 10 of the stenographic minutes the court said: " * * * this court is not going to undertake to review those findings and substitute findings of this court for the findings which the Legislature has said the Superintendent of Insurance shall have full power and authority to make."

Later, at page 570 of the stenographic minutes the court said: "We are not trying the question of the solvency of the company" and later, on the same page, it said: "We are trying the question of the reasonableness of the Superintendent's finding of insolvency."

The conclusions and reasoning of the learned court below, as above stated, are directly contrary to the intent of the Legislature. When the 1909 Insurance Law was proposed, the original bill would have authorized the Superintendent of Insurance to seize property of an insurance company whenever it appeared to him that it was insolvent. Constitutional due process objections were raised then, as now, based upon the argument that there would be a taking of property without a proper court hearing. Accordingly, before enactment, the statute was amended to provide for a "full hearing". Referring to this amendment, the then Commissioner of Insurance stated in a memorandum as follows: "It will be noted also that the question of fact presented to the court is the existence of one of these causes, and not the mere decision of the superintendent that one of these causes exists."

It is my opinion that the respondent was entitled to a full trial on the issues raised by the pleadings. The weight of authority holds that, where an action is characterized as administrative and no hearing was held, the court conducts a *de novo* inquiry into the facts. (8 Weinstein-Korn-Miller, N. Y. Prac., par. 7803.10.) In any event, we are not dealing here with the ordinary article 78 proceeding. The statute involved in the case at bar specifically provides its own method of judicial review and, therefore, whatever may be the rule under article 78 of the CPLR, it does not apply. The learned court below did not treat this case as one to be tried *de novo* because it specifically stated that all it was required to do was to inquire into the reasonableness of the Superintendent's determination. But there was no determination by the Superintendent which could be reviewed by the court. There were charges contained in the petition of the Superintendent which, under the law, he was bound to prove to the satisfaction of the court which was required to hold a full hearing. Having refused to treat the case at bar as one requiring a trial *de novo,* it was simple enough for the court then to fall into the error of not allowing the respondent to submit the proof it had offered to meet that presented by the petitioner. Without discussing the offer of proof in its complete detail, suffice it to say that the respondent was prevented by the court's ruling from showing that, contrary to the contention of

the Superintendent, the respondent was not insolvent. At page 615 of the stenographic minutes the court said:

" Let me understand correctly. You propose to call witnesses here who will testify from their knowledge that the company, either as the officers or principal stockholders of the company, or as accountants retained by the company, in their opinion the company is solvent and they would buttress that with findings that they have made which would differ sharply with the findings that were reported on such examination, isn't that so?

" Mr. Judd: Yes sir. That is certainly a substantial part of our proof.

" The Court: On this application, I will not hear such proof."

While it is true that the Superintendent asserts that he followed the formula provided in the statute with reference to reserves, etc., it was still open to the respondent to show that the alleged facts upon which the Superintendent was supposed to have applied such formula were not correct.

For the reasons above stated I dissent and vote to remand to Special Term for a full hearing, as required by section 526 of the Insurance Law.

Stevens, J. P., Steuer, Tilzer and McGivern, JJ., concur in *Per Curiam* opinion; Capozzoli, J., dissents in opinion.

Ordered entered on May 20, 1968, affirmed, without costs or disbursements.